O’NIELL, .1.
(dissenting). I do not concur in all of the reasons for the ruling on bill of exception Np. 2: and I respectfully dissent from the rulings on bills No. 8, No. 12, No. 13,. and No, 14:
As to bill No. 4, I respectfully submit that the objection urged by defendant’s counsel is not correctly stated in the opinion. The objection was that the district attorney used the question as to whether a juror was conscientiously or religiously opposed to capital punishment, and the question as to whether a juror would convict on circumstantial evidence, merely as a subterfuge to challenge peremptorily those jurors whom the district attorney did not want on the jury. It is said that he did not plead for an infliction of the *320 death penalty; and that, when a tales juror was called whom the district attorney desired to have serve on the jury, he accepted him without regard for the juror’s opposition to capital punishment, and without regard for his lack of faith in circumstantial evidence. The question whether it was fair practice for the district attorney to so use a tales juror’s opposition to capital punishment, or his aversion to convicting on circumstantial evidence, was not dealt with at all in the opinion submitted originally by Mr. Justice LAND.
As to bill No. 8, relating to the so-called “bloodhound testimony,” I am of the opinion that we ought to overrule the decision in State v. King, 144 La. 433, 80 South. 615, and hold that such evidence is not admissible. The ruling that such evidence is admissible is contrary to the weight of authority, and is violative of the fundamental right of an accused person to be faced by and to cross-examine the witnesses against him. In a sense, of course, it may be said that the bloodhound does not testify, that his conduct is the subject of the testimony merely as a circumstance, showing guilt of the. person trailed by the hound. But the idea that the bloodhound does not testify is only skin-deep. The bloodhound, in such case, is a supposed expert witness, who cannot give any reason for his expert opinion of the guilt of the person whom he trails. To admit such testimony is the same as to say that testimony of lookers-on would be admissible to prove that a human being with an abnormal sense of smell trailed the person on trial and pointed him out as the guilty party, even if the human being could not give any reason for his expert opinion. It will not do to say that the objection to “bloodhound testimony” is aimed at its sufficiency, or goes to its effect. The administration of justice is a practical affair. Some men put more credence in weird, uncanny, unexplainable circumstances than they accord to simple facts; and some have more faith even in mediumistic messages from planchettes and ouija boards. The so- - called “bloodhound testimony,” being unexplainable, savors of superstition, and is as dreadful as witchcraft itself.